## In re STAGG.
### Patent Appeal No. 2702.

Court of Customs and Patent Appeals.
April 27, 1931.

Steward & McKay, of Washington, D. C. (C. O. McKay and Melvin W. Sandmeyer, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Appellant has appealed from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner in rejecting claims 1 to 8, inclusive, of appellant's application for a patent upon improvements in nailing strips.

Appellant's product is a nailing strip composed of a homogeneous mass of bituminous material, such as asphalt, and a filler preferably made of a fibrous material and a powdered or pulverant mineral material, compressed into a slab. The specification and drawings show that this strip is intended to be used to hold flashing strips in constructing roofs. It is proposed to build slabs of this material into walls as a part thereof, for the purposes above stated.

Claims 1 and 7 are illustrative, and are as follows:

"1. A nailing strip consisting of a preformed board like slab containing a bituminous material and a filler."

7. A nailing strip consisting of a form retaining plastic like homogeneous mass of asphalt, a fibrous material and a mineral material, compressed into a board like slab, and a non adhesive surfacing thereon."

The claims were rejected on the following references: Johns, 76,773, April 14, 1868; Henderson, 1,040,321, October 8, 1912; Mabie, 1,064,753, June 17, 1913; Banwell, 1,134,939, April 6, 1915; Pomerantz, 1,161,791, November 23, 1915; Basham, 1,187,600, June 20, 1916; Ryan, 1,269,649, June 18, 1918; Clapp, 1,379,590, May 24, 1921; Weiss, 1,387,219, August 9, 1921; Swenson, 1,428,457, September 5, 1922.

In discussing the references the Board of Appeals said:

"Several of the references disclose strips and elements into which nails may be driven. Mabie and Pomerantz disclose wooden nailing strips of the usual type. Henderson and Basham disclose composition strips into which nails may be driven. Henderson discloses a railroad tie and it may be assumed that spikes are driven thereinto. Basham discloses a nailing strip embedded in a concrete body and shows nails driven thereinto for the purpose of attaching other members. Ryan discloses a composition which may be molded into monolithic structures or blocks and adapted to have nails driven thereinto.

"Several patents have been cited showing that compositions similar to applicant's and which anticipate the terms of the claims as

to this feature are old. We believe Banwell is possibly the nearest to applicant's composition, being a mixture of bitumen and a filler of fiber and granular material. However, Johns and Clapp also disclose similar compositions.

"After careful consideration we are unable to agree that invention is involved in the selection of the particular type of composition as a nailing element. Basham's composition is of tarred paper which is similar and is used as a nailing strip. It is held, therefore, that no invention is involved in constructing a nailing strip element such as shown by Basham from the composition disclosed by Banwell. This ground of rejection applies to all of the claims including claims 6 and 8 wherein a building structure is claimed."

We have examined the references and concur with the Board of Appeals in its construction thereof and conclusions thereon. No element in the product of appellant is new to the art, even the nonadhesive surfacing as described in said claim 6, being anticipated by the reference Banwell. The use of nailing strips for fastening roof flashing, built into the wall, is shown in Mabie and Pomerantz. It is true none of the references show the use of a composition strip of this kind for fastening the flashing of a roof, but it would seem to be obvious to one skilled in the art to use such a composition strip when its adaptability for such use in holding nails was well known to the prior art. If the application of such a well-known substance to one particular purpose were inventive and patentable, then its use for any other purpose might be likewise patentable, and the result would be a multiplicity of patents, only limited by the number of uses to which the product might be put.

We are of opinion no new and useful result has been accomplished, and that the disclosure of appellant lacks invention.

The decision of the Board of Appeals is therefore affirmed.

Affirmed.